**WO**  SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Avery Patterson, | No. CV 07-2627-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff William Avery Patterson, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1] (Doc.# 1.)[2] The Court will order Defendant Arpaio to answer Count II of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.43. The remainder of the fee will be

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10, 1995). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2] "Doc.#" refers to the docket number of filings in this case.

TERMPSREF

collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Complaint

Plaintiff alleges two counts in his Complaint concerning his arrest and his conditions of confinement. Plaintiff sues Arizona State Capitol Police, Arizona State Capitol Police Officers Abril and Clark, and Maricopa County Sheriff Joseph M. Arpaio. Plaintiff requests injunctive and compensatory relief.

## IV.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Arizona State Capitol Police

Plaintiff sues the Arizona State Capitol Police (ASCP) in connection with his arrest. However, the ASCP is not a proper Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or its agencies may not be sued in federal court

without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Arizona and its arms, such as the ASCP, also are not "persons" within the meaning of § 1983. Hale v. State of Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). Accordingly, the ASCP will be dismissed.

### B. Count I and Officers Abril and Clark

In Count I, Plaintiff also sues ASCP Officers Abril and Clark. He seeks relief against these Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights in connection with his arrest.[3] The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Further, the Younger abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's current state criminal prosecution. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986). There is no reason Plaintiff cannot present his claims in the trial proceedings or in appeals therefrom, and disruption by a federal court is not required. Plaintiff's claims against these Defendants will be dismissed pursuant to the abstention doctrine.

## V. Claims for Which an Answer Will be Required

Plaintiff sufficiently states a claim for unconstitutional conditions of confinement against Defendant Arpaio in Count II. Arpaio will be required to respond to that portion of the Complaint.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

---

[3] Review of the state court filings available online reflect that Plaintiff's criminal proceedings remain pending. See http://www.courtminutes.maricopa.gov/docs/Criminal/012008/m3003531.pdf.

**TERMPSREF**                                    - 3 -

1  the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2  in dismissal of this action.

3  **B.    Address Changes**

4  Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
6  relief with a notice of change of address. Failure to comply may result in dismissal of this
7  action.

8  **C.    Copies**

9  Plaintiff must serve Defendant(s), or counsel if an appearance has been entered, a
10 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
11 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff
12 must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure
13 to comply may result in the filing being stricken without further notice to Plaintiff.

14 **D.    Possible Dismissal**

15 If Plaintiff fails to timely comply with every provision of this Order, including these
16 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
17 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
18 comply with any order of the Court).

19 **IT IS ORDERED:**

20 (1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
21 is **granted**.

22 (2)    As required by the accompanying Order to the appropriate government agency,
23 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.43.

24 (3)    Count I and Defendants Abril, Clark and the Arizona State Capitol Police are
25 **dismissed** without prejudice.

26 (4)    Defendant Arpaio must answer Count II.

27
28

TERMPSREF                                    - 4 -

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio. (Doc. #1.)

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant(s) must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

1 | return forms (USM-285), if required. Costs of service will be taxed against the
2 | personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
3 | Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 13th day of February, 2008.

_____
Mary H. Murguia
United States District Judge

TERMPSREF

- 6 -