**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Avery Patterson, | No. CV 07-2627-PHX-GMS (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff William Avery Patterson brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph M. Arpaio (Doc. #1).[1] Defendant moved to dismiss for failure to exhaust administrative remedies (Doc. #9). The motion is fully briefed (Doc. ##11-12).

The Court will grant Defendant's motion and terminate the action.

**I.   Background**

Plaintiff's claims arose during his confinement in the Maricopa County Towers Jail in Phoenix, Arizona (Doc. #1 at 1). Plaintiff alleged that there were threats made against him and he was forced to request administrative segregation protective custody (id. at 4). Plaintiff claims that in protective custody, he was subjected to squalid living conditions and denied proper cleaning supplies and chemicals. He further claimed that there was no heat in the jail and that swamp coolers were run continuously all winter for

---

[1] Upon screening, the Court dismissed Arizona State Capitol Police and Arizona State Capitol Police Officers Abril and Clark as Defendants (Doc. #6).

the purpose of imposing cruel and unusual punishment (id.). Finally, he alleged that the Towers Jail was infested with mice and rats (id.).[2] Plaintiff sued for injunctive and compensatory relief (id. at 6).

The Court ordered an Answer, and Defendant filed a Motion to Dismiss (Doc. ##6, 9). In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #9). Defendant proffered the affidavit of Susan Fisher, a Sergeant assigned to the Inmate Hearing Unit (id., Ex. 1, Fisher Aff. ¶ 1). Fisher averred that the jail's grievance system, outlined in Policy DJ-3, does not restrict the type of issue or grievance content that an inmate may submit (id. ¶¶ 3-4). She further stated that inmates are notified of the grievance procedures when they receive a copy of the "MCSO Rules and Regulations for Inmates" (id. ¶ 5). According to the Sheriff's Office records, Plaintiff received a copy of these "Rules and Regulations" (id. ¶ 9, Ex. D). Fisher stated that the records also show that Plaintiff did not file any grievances related to the claims raised in his Complaint (id. ¶ 8). Defendant submitted copies of grievances Plaintiff filed while at the jail (id., Ex. 2). These grievances concern the amount of food given to inmates, Plaintiff's need for a lower bunk, and his request for medical attention for a staph infection (id.). Defendant also proffered a copy of Policy DJ-3 (id., Ex. A).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #10).[3] In his response, Plaintiff stated that he was not given a copy of the "Rules and Regulations" until April 2008, and therefore, Plaintiff was unaware of the rules governing the grievance procedures prior to filing his civil action (Doc. #11). He proffered a copy of his signed acceptance form showing his receipt of the "Rules and Regulations" on April 10, 2008 (id., Ex. 1). Plaintiff also argued that administrative remedies are not always

---

[2] Count I, which alleged constitutional violations in connection with Plaintiff's arrest, was dismissed pursuant to the abstention doctrine (Doc. #6).

[3] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

available nor are they provided in a timely manner (id.). He submitted copies of his April 2008 grievance and appeal concerning his broken reading glasses. According to these forms, it took the Shift Supervisor 17 days to respond, which exceeds the time limit for responding under Policy DJ-3 (id., Exs. 2-3).

In reply, Defendant referred to the Complaint, in which Plaintiff alleged that he did not file grievances on his claims because he was told that the issues were not grievable (Doc. #12). Defendant argued that Plaintiff did not offer any specific evidence of when, where, or how he was denied the opportunity to grieve his claim, nor did he identify who told him his claims were not grievable (id. at 2-3). Defendant also maintained the Plaintiff failed to show that he was diligent in attempting to exhaust the grievance procedures (id. at 3).

Plaintiff then filed several notices and motions of "supporting" or "continuing facts" (Doc. ##15-17, 20-21, 23, 28). He attached copies of grievances and inmate medical requests to these notices and motions. The Court denied Plaintiff's motions but noted that when ruling on the Motion to Dismiss, it may consider any evidence in the record related to grievances (Doc. ##19, 26).

## II.     Exhaustion

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide

disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

Contrary to Defendant's contention, compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire action (see Doc. #9 at 3). Jones, 127 S. Ct. at 924-26. If the complaint contains both exhausted and unexhausted claims, the Court should proceed with the exhausted claims. Id. at 924.

### III.   Analysis

As stated, Defendant bears the burden to prove nonexhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendant submits evidence demonstrating that a grievance system was available at the jail, that Plaintiff had access to that system, and that Plaintiff's claims were grievable (Doc. #9, Ex. 1, Fisher Aff. ¶¶ 2-4; Ex. A; Ex. 2).

Plaintiff's assertions regarding the jail's grievance procedures are inconsistent. In his Complaint, he checked the box indicating that administrative remedies existed at the jail and he wrote that when he requested administrative remedies, they were denied to him (Doc. #1 at 4). Plaintiff did not provide any specific allegations about who denied him access to administrative remedies or when this denial occurred. In his response memorandum, Plaintiff does not repeat this assertion. Instead, Plaintiff argues that he had no knowledge of the grievance procedures either before or at the time he filed this lawsuit (Doc. #11 at 1). He states that he was not aware of the grievance policy until April 2008, when he received a copy of the "Rules and Regulations" (id.). But Defendant proffers copies of grievances that Plaintiff submitted on January 3, January 20, and February 12, 2008 (Doc. #9, Ex. 2). Thus, Plaintiff had knowledge of the grievance procedures before April 2008.

The grievances Plaintiff submitted with his notices and motions concern his request for new reading glasses and for treatment of an ingrown toe nail, a staph infection, and a back injury (Doc. ##15-17, 20-21). None of these issues relate to the

- 4 -

claims in Plaintiff's Complaint.  And even if they did, the grievances do not help Plaintiff because they all postdate the Complaint, and the PLRA requires exhaustion *before* an action is filed.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden, 449 F.3d at 1051.

Plaintiff's generalized and inconsistent assertions regarding the grievance procedures are insufficient to overcome Defendant's specific evidence that a grievance system was available at the jail for Plaintiff's claims. On the record before the Court, Plaintiff failed to exhaust available administrative remedies for the claims in his Complaint.  Defendant's motion will therefore be granted, and Plaintiff's action will be dismissed without prejudice.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #9) is **granted**.  The Clerk of Court must dismiss this action without prejudice and enter judgment accordingly.

DATED this 6th day of October, 2008.

_____
G. Murray Snow
United States District Judge